# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**HELEN A. GATES**                                                                                                             **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO. 1:05CV313**

**UNION NATIONAL LIFE INSURANCE COMPANY**
**and VICKI HUGGINS**                                                              **DEFENDANTS**

## ORDER

This cause comes before the court on the motion of plaintiff Helen A. Gates, pursuant to 28 U.S.C. § 1447, to remand **[14-1]** this case to the Circuit Court of Chickasaw County. Defendants Union National Life Insurance Company ("Union National") and Vicki Huggins have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is not well taken and should be denied.

This is a bad faith insurance action involving misrepresentations allegedly made to plaintiff in connection with a waiver of premiums provision in a policy issued by Union National. On October 4, 2005, plaintiff filed this action in the Circuit Court of Chickasaw County, and defendants timely removed the case to this court, on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff has moved to remand, arguing that diversity of citizenship is lacking in this action, inasmuch as defendant Vicki Huggins is, like herself, a Mississippi resident. In opposing remand, defendants argue that no reasonable possibility of recovery exists against Huggins and that this

1

defendant should be dismissed from this action upon a finding of fraudulent/improper joinder.

The removing party, which is urging jurisdiction on the court, bears the burden of demonstrating that jurisdiction is proper due to fraudulent/improper joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The Fifth Circuit has stated:

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The Fifth Circuit has reaffirmed that it "is insufficient that there be a mere theoretical possibility" of recovery; to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)(citing *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 286 (5th Cir. 2000)).

In her complaint, plaintiff alleges that "Defendant, Vicki Huggins, began handling Helen A. Gates' insurance business for the defendant insurance company in 1998 and has made numerous misrepresentations, and fraudulent statements about these insurance policies, which she has changed, and has further negligently handled the business of plaintiff." In arguing that Huggins has been fraudulently joined, defendants have submitted an affidavit from Ms. Huggins asserting that, contrary to the allegations of the complaint, she did not even begin to work for Union National until 2001, that she never sold an insurance policy to plaintiff, and that her interaction with plaintiff was "limited to collecting her monthly payments." Plaintiff has submitted no evidence in response to this affidavit, indeed, she has made no reply whatsoever to defendants' response.

While it is no doubt true that a plaintiff's burden of rebutting any evidence of fraudulent joinder is not great, the court concludes that, faced with Huggins' affidavit contesting the allegations of her complaint, it is incumbent upon plaintiff to do something more than remain silent. This is particularly true in the present case, which involves a complaint containing conclusory allegations of fraud which clearly do not meet the pleading requirements of Fed. R. Civ. P. 9(b). In addition, plaintiff's motion to remand is itself very much "bare bones" in nature, and plaintiff has disregarded proper removal procedures by filing an amended complaint with the state court following removal. Based upon plaintiff's submissions, the court has no choice but to conclude that no reasonable possibility of recovery exists against Vicki Huggins, and this defendant is hereby dismissed with prejudice from this action. Complete diversity exists among the remaining parties to this action, and the $75,000 amount in controversy is met.[1] Plaintiff's motion to remand is therefore due to be denied.

---

[1] Plaintiff's original complaint sought damages in the amount of $200,000, and it is thus facially apparent that the amount in controversy requirement is met in this case. Plaintiff's amended complaint (improperly filed in state court) seeks damages in the amount of $70,000, but this belated effort to defeat removal fails on numerous bases. First, since it is facially apparent from the original complaint that the amount in controversy is met, the court may not consider extrinsic evidence to the contrary. *See Arnold v. State Farm Fire and Cas. Co.*, 277 F.3d 772, 775 (5th Cir. 2001). Moreover, even if the court could somehow consider such extrinsic evidence (which it clearly cannot), an amended complaint would not be an adequate substitute for a sworn affidavit by the plaintiff disclaiming any recovery in excess of the jurisdictional amount. Finally, the supposed amended complaint in this case was improperly filed with a court which does not have jurisdiction over this matter and is therefore a nullity.

It is therefore ordered that plaintiffs' motion to remand [14-1] is denied. Defendant's motion to stay [19-1] is dismissed as moot.

SO ORDERED, this 24th day of April, 2006.

                                           **/s/ Michael P. Mills**
                                           **UNITED STATES DISTRICT JUDGE**